IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AERION KING,

                Plaintiff,

   v.

SGT. RUTLEDGE, CAPT. BONESACK, LT. LLOYD,
LT. LITURI, LT. LANGE, OFFICER HILL, OFFICER
KRUEGER, JOHN DOE OFFICERS 1–2, DR. ROLON,
DR. STANGE, DR. GABARO, DR. DRAKE, DR.
SUKOWATY, RN ACKER, RN FOX, RN BONNIE,
WARDEN FUCHS, DEP. WARDEN GLASS, and
JOHN DOE NO. 3,

                Defendants.

OPINION and ORDER

24-cv-503-jdp

---

    Plaintiff Aerion King, proceeding without counsel, is a prisoner at Columbia Correctional Institution. He has a long history of self-harm. In his most recent complaint, filed July 24, 2024, he alleges that defendants disregarded his suggestions that he would cut himself, and then after he was hurt kept him in bed restraints for days. Dkt. 1; Dkt. 4 (a supplement, which I'll accept as part of complaint). King has sought leave to proceed without prepaying the filing fee, and his initial partial payment is due by September 12, 2024. Dkt. 6. After that, King's complaint will be screened in due course.

    In a filing received August 13, 2024, King moves for emergency injunctive relief. Dkt. 3. He asks the court to order defendants to place King in restraints on King's request, and to dictate other protocols that defendants must follow whenever King threatens self-harm. King's original complaint involves events that occurred on May 13, 2024, and that self-harm episode is apparently over. But I infer from his request for an injunction that King is still feeling suicidal, at least intermittently. And I infer that King believes that defendants aren't taking him

seriously. King's motion is not properly supported with proposed facts and supporting evidence, as required by the court's procedures for injunctive relief. I might overlook these shortcomings if King's motion included assertions set out in enough specific detail to make plausible that he faced an imminent risk that his safety was being disregarded.

Threats of self-harm pose a difficult prison management problem, because prisoners sometimes use such threats to manipulate prison staff. And prison officials and health care providers must strike a difficult balance between preventing inmate harm and avoiding unwarranted restraint. Nevertheless, prison officials may not ignore legitimate, serious risks to the health and safety of any inmate, even if the source of the risk is the inmate himself. Still, as a federal judge, I wouldn't presume to dictate how prison officials should respond to a specific threat of harm. So I would not grant the specific relief King asks for. And it's clear from King's complaint that although defendants have not always been successful in preventing King's efforts at self-harm, they are not ignoring him: they got him medical care and restrained him to prevent future harm.

ORDER

IT IS ORDERED that plaintiff Aerion King's emergency motion for preliminary injunctive relief, Dkt. 3, is DENIED.

Entered August 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge