IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AERION KING,

                  Plaintiff,

  v.                                                                                  OPINION and ORDER

SGT. RUTLEDGE and JOHN DOE OFFICERS NO. 1                24-cv-503-jdp
and NO. 2,

                  Defendants.

---

    Plaintiff Aerion King, proceeding without counsel, alleges that staff at Columbia Correctional Institution (CCI) disregarded the risk that he would cut himself on May 13, 2024. Dkt. 1. King is proceeding on Eighth Amendment claims based on conscious disregard of safety against defendants Sgt. Rutledge and John Doe Officers Nos. 1 and 2. Dkt. 10. King failed to file an amended complaint identifying the Doe officers by the court-ordered deadline of April 4, 2025, so I will dismiss King's claims against the Doe officers for failure to comply with a court order. *See* Dkt. 16 at 3–4. That leaves King's claim against Rutledge.

    Rutledge moves for summary judgment on exhaustion grounds under the Prison Litigation Reform Act (PLRA). Dkt. 20. King did not respond to the motion even though the court extended the response deadline. Dkt. 27. I will grant the motion, dismiss Rutledge's claim against King without prejudice for failure to exhaust administrative remedies, and close the case.

BACKGROUND

    I allowed King to proceed against Rutledge based on the allegation that, after King told Rutledge that King would cut himself if not placed on observation status, Rutledge rolled his

eyes, said that he had to be somewhere, and walked away, after which King cut himself. Dkt. 10 at 3.

Rutledge says that King filed three inmate complaints that are potentially relevant to King's claim against him: CCI-2024-8196, CCI-2024-8451, and CCI-2024-8508. The first two, '8196 and '8451, are not related to King's claim against Rutledge. In the '8196 complaint, King faults psychological services unit staff member "Roland" for not restraining King after King cut himself, which caused King to cut himself again. Dkt. 22-2 at 8. King alleged that Roland committed this conduct on May 14, 2024, *see id.* at 6, the day after his interaction with Rutledge. In the '8451 complaint, King discusses unrelated events that also occurred on May 14, and that did not involve Rutledge. *See* Dkt. 22-3 at 8, 10. The issue is whether the third complaint, '8508, exhausted King's administrative remedies on his claim against Rutledge.

The initial '8508 complaint was dated May 29, 2024, and received two days later. Dkt. 22-4 at 10. The initial complaint was rejected because, contrary to instructions on the form, it was stapled. *Id.* The corrected '8508 complaint was received on June 5, 2024. *Id.* at 8–9. King alleged that, on May 13, 2024, he told Rutledge that he was suicidal and needed to go on observation status, but that Rutledge walked away. *Id.* King then cut himself and, when Rutledge later found out, Rutledge said that he ignored King's threat because he "had somewhere to be." *Id.* King also alleged that he had good cause for the late filing of the '8508 complaint because, after the incident with Rutledge, he was "on [observation status] for 4 days in the bed and on regular [observation]." *Id.* at 9. Rutledge takes this allegation to mean that King "was on observation for 2 days and in bed for 4 days." Dkt. 21 at 4.

On June 17, 2024, the institution complaint examiner rejected the '8508 complaint as untimely, finding that King filed it more than 14 days after the incident with Rutledge. *Id.* at 2.

2

The institution complaint examiner also found, incorrectly, that "King [did] not request good cause exemption in his complaint." *Id.* King's appeal of that disposition was rejected as untimely. *Id.* at 6.

## PLRA EXHAUSTION REQUIREMENTS

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. As relevant here, a prisoner must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). At the discretion of the institution complaint examiner, "a late complaint may be accepted for good cause." *Id.* A prisoner "shall request to

3

file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.*

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Rutledge bears the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

King failed to exhaust available administrative remedies. The '8508 complaint was rejected as untimely, and the evidence supports this decision. The initial '8508 complaint was rejected because it was stapled. King should have been aware of that procedural requirement because it is clearly stated on the inmate complaint form. Nothing in the grievance materials suggests that King submitted the corrected complaint within 14 days of the May 13 incident; to the contrary, it was not submitted until June 5.

The institution complaint examiner incorrectly found that King failed to request that his late complaint be accepted for good cause, but that error is immaterial. King alleged that he could not file the complaint for six days after the May 13 incident. By his own admission, then, King could have filed the inmate complaint by May 20, a week before the May 27 deadline. Again, nothing in the grievance materials suggests that King submitted the corrected complaint within 14 days of that date. King cannot show good cause for his late filing of the '8508 complaint.

Rutledge has shown that King failed to exhaust available administrative remedies on King's claim against Rutledge. I will grant Rutledge's motion and dismiss King's claim against him without prejudice. I will also dismiss King's claims against the Doe officers for failure to comply with a court order.

4

ORDER

IT IS ORDERED that:

1. Defendant Sgt. Rutledge's motion for summary judgment, Dkt. 20, is GRANTED, with the result that plaintiff Aerion King's Eighth Amendment conscious-disregard-of-safety claim against Rutledge is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. Plaintiff's Eighth Amendment conscious-disregard-of-safety claims against defendants John Doe Officers Nos. 1 and 2 are DISMISSED for failure to comply with a court order.

3. The clerk of court is directed to enter judgment and close the case.

Entered September 15, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge